UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOSEPH ALEXANDER,

    Plaintiff,

v.

DAWN HILL-KEARSE and
SERGIO JIMENEZ,

    Defendants.

Case No. 3:26-cv-00165-AR

**ORDER TO AMEND**

**ARMISTEAD, United States Magistrate Judge**

Plaintiff Joseph Alexander, representing himself, filed this lawsuit on January 23, 2026, alleging a single due process claim. (Compl., ECF 2 at 1.) As explained below, Alexander's complaint has deficiencies and for this lawsuit to go forward, he must timely file an amended complaint that corrects those deficiencies.

## BACKGROUND

Alexander filed a one-page complaint on January 10, 2026, alleging that defendants Dawn Hill-Kearse and Sergio Jimenez "conspired together and intentionally delayed the calendar of motions," in violation of due process.[1] (*Id.*) Beyond these allegations, Alexander does not illustrate the nature of Hill-Kearse and Jimenez's relationship, and he does not reference the specific "calendar of motions" which was allegedly delayed. (*See id.*) Nor does Alexander address when or where any of defendants' actions occurred. He alleges simply that (1) defendants "conspired together," and (2) defendants "intentionally delayed the calendar of motions." (*Id.*) He offers no more facts to support what the court interprets as a single due process claim. Alexander asserts that this court has jurisdiction under "federal law," and demands $500,000 in compensation. (*Id.*) He does not specify which federal law gives this court jurisdiction. Alexander physically mailed his complaint to the clerk's office, and the return address is listed in Seattle, Washington. (*Id.* at 2.)

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, when a plaintiff proceeds *in forma pauperis*. For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that the action: (1) "is "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from

---

[1]  It appears Alexander has filed an identical or nearly identical complaint in at least three other districts. *See Alexander v. Hill-Kearse, et al.*, 2026 WL 244320 (W.D. Okla. Jan. 29, 2026); *Alexander v. Hill-Kearse, et al.*, 2026 WL 243254 (E.D. Cal. Jan. 29, 2026); *Alexander v. Hill-Kearse, et al.*, 2026 WL 208625 (N.D. Okla. Jan. 27, 2026).

Page 2 – OPINION AND ORDER
*Alexander v. Hill-Kearse, et al.*, 3:26-CV-00165-AR

such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether a plaintiff's claims are capable of being tried by this court, or in other words, are cognizable claims.[2]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.,* 828 F.3d 848, 854 (9th Cir. 2016) (per curiam) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## DISCUSSION

**A.**     ***Subject Matter Jurisdiction***

The United States Constitution and federal law allow only certain cases in federal court. That limited authority of a federal court is known as its subject matter jurisdiction, and, if a federal court does not have subject matter jurisdiction for a case, the court must dismiss it (in other words, put the case out of its consideration). *See Adkison v. C.I.R.*, 592 F.3d 1050, 1055

---

[2] *See, e.g.*, *O'Neal v. Price,* 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

(9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). The two kinds of cases for which a federal court has subject matter jurisdiction are (1) "federal question" cases and (2) "diversity of citizenship" cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437-38 (2019).

### 1. Federal Question Jurisdiction

To establish federal question jurisdiction, a plaintiff must plead that defendants have violated some specific federal constitutional or statutory provision. 28 U.S.C. § 1331; *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Here, Alexander has not stated the legal bases for his claims. Alexander appears to assert federal question jurisdiction by writing "the basis for this court's jurisdiction is federal law." (Compl. ¶ 2.) Yet he does not say which federal law Hill-Kearse and Jimenez have violated. If Alexander refers to his constitutional due process rights under the Fourteenth Amendment, his due process claim is inadequately pleaded as explained below, which places federal question jurisdiction at risk. If he wishes to proceed with this suit in federal court, Alexander must submit an amended complaint identifying a specific federal statute or constitutional provision that would give this court federal question jurisdiction.

### 2. Diversity Jurisdiction

To establish diversity jurisdiction, a plaintiff must plausibly allege that damages are more than $75,000, that he is a citizen of one state, and that all the defendants are citizens of other states. 28 U.S.C. § 1332(a); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015) (plaintiff "bears the burden to show that its estimated amount in controversy relies on

reasonable assumptions"). Satisfaction of that $75,000 damages threshold—which is also known as the "amount in controversy" requirement—must be "facially evident" from the complaint and cannot be supported by simple conclusory allegations. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003).

Alexander does not allege the citizenship of Hill-Kearse or Jimenez, nor does he allege that he is a citizen of one state and they are citizens of another. *Newman–Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal.") (citation omitted). He mailed his complaint in an envelope with a return address listed in Seattle, Washington. Were the court to assume that Washington is Alexander's state of residence, he would still need to establish the citizenship of Hill-Kearse and Jiminez outside of Washington state to satisfy diversity jurisdiction. 28 U.S.C. § 1332(a) ("A plaintiff must plausibly allege that . . . he is a citizen of one state, and that all the defendants are citizens of other states.") Although Alexander's complaint alleges damages greater than the $75,000 damages threshold, the complaint fails to allege facts that that amount in controversy is plausible. And the parties' citizenship is unknown. Complete diversity does not exist as pleaded, foreclosing jurisdiction under § 1332.

B.   *Personal Jurisdiction*

Without personal jurisdiction over a defendant, a court lacks judicial authority over a defendant and cannot enter an enforceable judgment against them. *Burnham v. Superior Ct. of Cal., Cnty. of Marin*, 495 U.S. 604, 609 (1990). That is, personal jurisdiction is the court's power over the person or organization being sued in federal court. Oregon's long-arm statute, ORCP

Page 5 – OPINION AND ORDER
*Alexander v. Hill-Kearse, et al.*, 3:26-CV-00165-AR

4(L), authorizes personal jurisdiction over a defendant to the full extent permitted by the United States Constitution. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

To conclude that it has personal jurisdiction over a defendant named in a complaint, a court must determine that exercising power over that defendant satisfies constitutional due process requirements. *Id.* Due process requires that a defendant "have certain minimum contacts" with the forum state (here, Oregon) "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks and citation omitted); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021).

There are two types of personal jurisdiction that a court may exercise over a defendant: general jurisdiction and specific jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). General jurisdiction (or "all purpose" jurisdiction) does not depend on the particular controversy underlying the case. *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014). An individual is typically only subject to general personal jurisdiction in the state where he is domiciled or "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Specific jurisdiction, in contrast, is unique to each case and "focuses on the relationship among the defendant, the forum, and the litigation." *Fiore*, 571 U.S. at 284. When a defendant's in-state activities give rise to the plaintiff's claims, specific personal jurisdiction is present. *Int'l Shoe*, 326 U.S. at 317. A defendant's relationship with the forum creates specific jurisdiction only when that relationship "arise[s] out of contacts that the defendant *himself* creates with the forum state," and not merely from the defendant's contacts with a person who resides in the forum. *Fiore*, 571 U.S. at 284.

As pleaded, the court cannot assess whether it has general or specific personal jurisdiction over Hill-Kearse and Jimenez. Alexander does not allege that Hill-Kearse and Jimenez are domiciled in Oregon or that they have any contacts within this forum. He also does not allege that the "delay" occurred in Oregon. If Alexander wishes to proceed with this lawsuit, he must amend his complaint to allege facts supporting personal jurisdiction and this court's judicial authority over Hill-Kearse and Jimenez.

**C.    *Venue***

A federal district court may not decide the merits of a lawsuit if the court is not a proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Venue of civil actions is governed by the general federal venue statute, 28 U.S.C. § 1391. *Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1140 (9th Cir. 2022). Under that statute, a plaintiff may bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Alexander does not identify where the events giving rise to his claim occurred. He makes no assertion about any location, and he does not allege any actions which occurred within Oregon. If he wishes to proceed in this district, Alexander must amend his complaint to allege

either (1) Hill-Kearse and Jimenez reside in the district of Oregon, (2) a substantial part of the events or omissions giving rise to his claim occurred in this district, or (3) Hill-Kearse and Jimenez are subject to this court's personal jurisdiction with respect to this action.

**D.     *Sufficiency of Complaint***

A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). A "complaint must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (simplified).

The factual allegations must "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

As written, Alexander's complaint does not satisfy Rule 8. He alleges that Hill-Kearse and Jimenez "conspired together" and "intentionally delayed the calendar of motions," but he does not say any more about how that behavior harmed him. (Compl. at 1.) The allegations thus

Page 8 – OPINION AND ORDER
*Alexander v. Hill-Kearse, et al.*, 3:26-CV-00165-AR

lack sufficient factual detail to show that defendants have acted unlawfully or are otherwise liable for an alleged harm.

Alexander appears to plead a single due process claim. (*Id.*) The Due Process and Equal Protection Clauses of the Fourteenth Amendment provide that no "State [may] deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV. To state a due process claim, the court examines: (1) whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of life, liberty or property; and (2) what additional procedural process was due. *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1031 (9th Cir. 2012) (quoting *Ingraham v. Wright*, 430 U.S. 651, 672 (1977)).

Due process is not a "technical conception with a fixed content unrelated to time, place and circumstances." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). Due process is "flexible" and "calls for such procedural protections as the particular situation demands." *Id.* The Supreme Court has set forth three factors that a court must consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

Constitutional violations of due process must be pursued under 42 U.S.C. § 1983. *Anderson v. Warner,* 451 F.3d 1063, 1067 (9th Cir. 2006) (providing that federal constitutional challenges to actions by state officials must be raised through § 1983). To state a claim under

Page 9 – OPINION AND ORDER
*Alexander v. Hill-Kearse, et al.*, 3:26-CV-00165-AR

§ 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

As alleged, Alexander cannot proceed with his due process claim, for two reasons. First, Alexander does not state a plausible due process claim. He alleges broadly that Hill-Kearse and Jimenez conspired together and delayed a motions calendar. Those allegations are wholly insufficient to satisfy any of the three *Mathews* factors.

Second, the Fourteenth Amendment provides a cause of action against state action as exercised through state officials, not against private individuals. From his complaint, it is not apparent that either Hill-Kearse or Jimenez are state officials or were acting with state authority when they allegedly delayed the motions calendar. Alexander makes no such allegation, and his due process claim cannot proceed unless they are named as state officials.

That said, there is some indication that Hill-Kearse and Jimenez are judges or court employees. If so, Alexander is advised that judges are immune from suit, *Mireles v. Waco*, 502 U.S. 9, 11 (1991), and how a court manages its motions calendar would not typically fall into one of narrow exceptions to judicial immunity. In certain instances, judicial immunity can extend to court staff if, when viewed in context, the staff member's actions "are part of the judicial function." *In re Castillo*, 297 F.3d 940, 951 (9th Cir. 2002).

To comply with Rule 8's pleading requirement, Alexander must amend his complaint to include all necessary elements to establish his due process claim. To that end, he must put forth specific factual allegations that connect each defendant with the alleged wrongdoing so that the court can tell that the alleged claims are plausible.

Page 10 – OPINION AND ORDER
*Alexander v. Hill-Kearse, et al.*, 3:26-CV-00165-AR

E.   *Abstention*

It is unclear where the actions in this suit occurred. If the "calendar of motions" pertains to proceedings in a state court, this court may not interfere with ongoing state criminal or civil enforcement proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971) (explaining that the principles of equity, comity, and federalism require that state courts remain free to try state cases without interference by the federal courts, except where extraordinary circumstances warrant federal intervention). Thus, Alexander is advised that, even if he amends his complaint to state a cognizable claim against defendants, abstention may still be required.

## CONCLUSION

To avoid dismissal of his lawsuit, Alexander must file an AMENDED COMPLAINT by Friday, March 6, 2026, with sufficient factual allegations to demonstrate that his claim is plausible and that this court has subject matter jurisdiction, as well as personal jurisdiction over Hill-Kearse and Jimenez.

DATED: February 4, 2026

_____
JEFF ARMISTEAD
United States Magistrate Judge